IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| ANA ESCOBEDO, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 15 C 10545 |
| | ) | |
| UNIVERSITY OF CHICAGO MEDICAL CENTER, | ) ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

University of Chicago Medical Center ("Medical Center"), which has just removed this action brought against it by Ana Escobedo ("Escobedo") from its place of origin in the Circuit Court of Cook County to this District Court, has noticed up for presentment on December 8 its Motion for an Extension of Time To Answer or Otherwise Plead. Unfortunately this Court's review of the Notice of Removal ("Notice") and of Escobedo's Complaint has revealed the failure by Medical Center's counsel to meet its burden of establishing federal subject matter jurisdiction, so that remand of the action is called for.

Notice ¶ 10 confirms that the case has been transplanted to this District Court under the diversity-of-citizenship branch of federal subject matter jurisdiction. To that end Medical Center has confirmed both facets of its own dual corporate citizenship under 28 U.S.C. § 1332(c)(1)[1] as Illinois-sited, while Notice ¶ 10 asserts that Escobedo "is a citizen of the State of Washington."

---

[1] All further references to Title 28's provisions will simply take the form "Section --," omitting the prefatory "28 U.S.C. §."

But the record really reflects -- and both Escobedo's Complaint ¶ 1 and Notice ¶ 2 state -- that Escobedo "is a <u>resident</u> of the State of Washington" (emphasis added). And on that score our Court of Appeals has repeatedly taught, as stated succinctly in <u>Adams v. Catrambone</u>, 359 F. 3d 858, 861 n.3 (7th Cir. 2004):

> When the parties allege residence but not citizenship, the District Court must dismiss the suit.

And in the removal context, a return to the state court of origin is the legal equivalent of dismissing an action that was originally filed in a federal District Court.

This Court has frequently referred to the <u>Adams</u> language as Draconian, but it is nonetheless framed as a mandate ("must dismiss") and not an option.[2] And this Court has long been aware of a number of earlier cases that teach the same lesson. It is equally well established that the facts on which federal jurisdiction stands or falls in a removal case are those presented by the pleadings when the case is removed -- see, e.g., <u>Bondpro Crop. v. Siemens Power Generation, Inc.</u>, 463 F.3d 702, 705 (7th Cir. 2006), citing to the unequivocal statement in <u>Grupo Dataflux v. Atlas Global Group, L.P</u>, 541 U.S. 567, 570-71 (2004) (citation and footnote omitted):

> It has long been the case that "the jurisdiction of the court depends upon the state of things at the time of the action brought." This time-of-filing rule is hornbook law (quite literally) taught to first-year law students in any basic course on federal civil procedure.[3]

---

[2] This Court's able law clerk has searched the post-<u>Adams</u> caselaw and has found nothing to change or temper its mandate.

[3] [Footnote by this Court] <u>Bondpro</u> spoke in the removal context, while <u>Grupo</u> was a case originally filed in the federal court -- but the principle is of course identical.

What has been said here might perhaps be viewed as overly technical -- after all, it is most often true that a person's state of domicile (synonymous with that person's state of citizenship for diversity purposes) coincides with the person's state of residence. But those terms do not necessarily coincide -- as Heinen v Northrop Grumman Corp., 671 F.3d 669, 670 (7th Cir. 2012) has said, citing no fewer than four Supreme Court decisions of hoary vintage:

> But residence may or may not demonstrate citizenship, which depends on domicile -- that is to say, the state in which a person intends to live over the long run. An allegation of "residence" is therefore deficient.[4]

Here the Complaint confirms that Escobedo was an Illinois resident during her employment by Medical Center that ended in July 2014. And the Heinen case provides living proof that "domicile" (which equates to "citizenship") calls for independent establishment, which is not accomplished by an assertion of a change in residence.

Where as here Medical Center, as the removing party, has failed to establish the existence of federal subject matter jurisdiction, Section 1447(c) directs that the case be remanded on that ground. This Court so orders. And in accordance with the directive in Section 1447(c), the Clerk of this District Court is directed to mail a certified copy of the order of remand forthwith to the Clerk of the Circuit Court of Cook County.

 _____
 Milton I. Shadur
 Senior United States District Judge

Date: December 4, 2015

---

[4] [Footnote by this Court] See also 15 Moore's Federal Practice § 101.34[8] (3d ed. 2015).